## MOORE et al. v. HAMMOND et al.

(Circuit Court, D. Oregon. August 9, 1901.)

### No. 2,646.

1. ACCOUNTING.

There is no case for an accounting because of defendant's refusal to carry out an agreement to obtain a loan, where complainant could benefit thereby only to the extent of obtaining a commission, and the question of whether there should be a commission was by the agreement left for future determination of the parties, and it does not appear whether the loan could have been procured but for defendants' refusal to cooperate.

2. CONTRACT—CONSTRUCTION.

The agreement between complainant and defendants being to obtain subsidies for and procure the construction of a railroad, to share in the profits from the construction, complainant, though assisting in obtaining subsidies taken in the name of defendants, is not entitled to an interest therein, it not appearing there were any profits in the construction.

3. PARTNERSHIP.

Where complainant and S. agreed to do a certain thing, they to share in the profits, and S. and defendants then made an agreement to do it, and share in the profits, complainant and defendants do not become partners, but any remedy of complainant for profits obtained by S. and defendants is against S.

110 F.—57

H. H. Emmons, G. C. Moser, W. M. Gregory, and Geo. A. Brodie, for complainants.

C. W. Fulton, for defendants.

BELLINGER, District Judge.   The complaint in this case alleges: That in April, 1894, the defendant Stanton entered into a contract with one Campbell and complainants, by which the parties agreed to unite their efforts to secure the right of way, together with certain bonuses and subsidies, for a railroad from Astoria to Goble, and to build and equip, or procure other parties to build and equip, the same.   Each of the parties was to give such time to the undertaking as was necessary, and to pay his own expenses.   Of the profits, Stanton, Campbell, and complainants were each to receive one-third; and in pursuance of the agreement each expended considerable time and money.   In November, 1894, Stanton and one Kimball, acting under the contract, and for the benefit of the parties thereto, entered into a contract with Hammond and Bonner, who had knowledge of Stanton's agreement with complainants and Campbell, by which it was agreed, as appears from a copy attached to the complaint, that the parties to the agreement should unite their influence in securing for Hammond and Bonner the Sea Side Railway, which they were desirous of purchasing.   Hammond and Bonner stipulate in said agreement that they will buy such road, and will enter into a contract with the Astoria Subsidy Committee for the building of the road from Astoria to Goble upon the best terms obtainable.   Stanton and Kimball agree to finance the entire enterprise, it being mutually understood that the plan of borrowing money at an average term of about two years at 6 per cent. per annum, and the payment of such commissions as may be agreed upon between the lenders and the parties aforesaid, "is accepted."   After this agreement was entered into, Stanton reported the same to Campbell and complainants, and notified them that the contract was for their mutual benefit.   Hammond and Kimball were informed that complainants and Campbell were, by agreement with Stanton, to aid in the subject-matter of the contract, and to share in the profits to accrue thereunder.   Thereupon Kimball, Stanton, Campbell, and Hammond (they being at Astoria, and the other parties being out of the state) did unite their influence in securing for Hammond "the most favorable contracts, as contemplated by said contract."   It is further alleged that about the 1st day of December, 1894, Hammond, and Bonner acting by Hammond as his agent, in pursuance of the contract referred to, entered into a contract with certain persons, described as the "Committee of Direction," and the Astoria Savings Bank, said individuals and bank constituting the Astoria Subsidy Committee heretofore referred to, for the construction of the said Astoria-Goble road; that at the time this contract was entered into conveyance had been made to said subsidy committee of a large amount of land to be used as subsidies for the building of the road in question; and it is alleged that thereupon it became the duty of Hammond and Bonner to co-operate with Stanton, Kimball, Campbell, and complainants for the purpose of raising money, as contemplated in their contracts; and

that, among other things, it was their duty to consult and agree with said last-named parties and complainants as to the amount of money necessary to be raised, the manner of raising the same, the form of the obligations and securities, the amount of the commissions that should be paid, and the manner of pledging said subsidy, as well as of all the property held by Hammond and Bonner as trustees under said contracts,—all of which things it was necessary to do before Stanton, Kimball, Campbell, and complainants could begin to finance the enterprise. It is further alleged: That it became the duty of Hammond and Bonner to work with the said Stanton, Kimball, Campbell, and complainants to secure additional subsidies, as provided for in their contract, and to confer with the said last-named parties as to the desirability of interesting other parties in said enterprise and giving them a share of the profits; and that it became the duty of Hammond and Bonner, in every department of the work contemplated in said contract, to mutually confer and co-operate with said Stanton, Kimball, Campbell, and complainants, and to work in good faith, and to each aid the other parties thereto whenever possible. That Stanton, Kimball, Campbell, and complainants proceeded in good faith, with the knowledge and approval of Hammond and Bonner, to carry out the conditions of their agreements, and particularly to secure additional subsidies and the necessary money with which to build the road; and they did secure, or aid in securing, certain additional subsidies, especially with reference to real property on the west side of the Astoria harbor. That, notwithstanding the duty of Hammond and Bonner in that regard, said Bonner personally did nothing towards the performance of his covenants in said agreement, but said Hammond claimed to act for both Bonner and himself, and for a time co-operated with Stanton, Kimball, Campbell, and complainants in order to secure additional subsidies, and pretended to co-operate with them; but it is alleged that said Hammond and Bonner never acted in good faith in trying to secure said money, and did not in fact and in good faith try to secure said money, or aid in securing the same, and did not proceed in good faith in the performance of any act in aid of the said parties of the other part. That a large amount of work was done by said Stanton, Kimball, Campbell, and complainants in furtherance of said contract, but that Hammond at no time aided the other parties in their efforts to secure money with which to build the road, although he did aid said parties in securing additional subsidies; and that said Hammond refused to co-operate with the other parties in raising said money, refused to state what commissions he was willing to pay in securing the same, and refused to work with or aid them in trying to secure said money; but having, in the name of himself and Bonner, the contract for said subsidies, and acting for himself and Bonner, he refused to make any contract for procuring said money, and refused to inform the other parties, or any parties whom they sought to interest, or from whom they sought to secure said money, what kind of a contract he would make or agree to. That in fact said Hammond refused to carry out his part of the contract, and by reason of this default the other parties were prevented from procuring

the necessary money with which to build said railroad, and were prevented from financing the enterprise, which otherwise they would have been able to do, and would have done. That, pending said negotiations, Bonner assigned all his interest in the contract to Hammond, and during the same time Kimball, with the approval of Hammond, assigned all his interest in said contract to Stanton, and thereupon it was agreed that the interests of Kimball and Stanton in said contract should be held by Stanton for the benefit of himself, Campbell, and complainants, of all of which Hammond had notice. That thereupon Hammond proceeded to procure said railroad to be built, and procured to be conveyed to him said subsidies so to be paid for the building of said road, by which he acquired a large amount of property particularly described in the complaint. It is further alleged that Stanton has been asked to unite with complainants in bringing this suit, but has refused to do so; whereupon complainants bring this suit, and pray for an accounting, and that Hammond be decreed to account for all the property acquired or earned in the matter of the said purchase of the Sea Side Railway and the construction of the Astoria-Goble road, and for a decree that the complainants be adjudged to be the owners of an undivided two-thirds of four-ninths of the real property conveyed in aid of the said road, and that the Astoria Company (being the said subsidy committee) be required to convey to complainants such undivided interest; and for such other relief as shall be required by the principles of equity and good conscience.

The injury complained of grows out of Hammond's alleged refusal to co-operate with complainants and their associates in raising money for the enterprise in question. It is alleged that Hammond refused to make any contract for procuring said money, or to inform them, or any parties whom they sought to interest, or from whom they sought to secure said money, what kind of a contract he would make, and he refused to make any agreement in respect thereto; and it is alleged that they were, by this refusal on Hammond's part, prevented from procuring the necessary money with which to build said road, and were prevented from financing the enterprise. The extent of complainants' damage from this refusal on Hammond's part is not stated, and cannot be estimated. It is a matter of inference that complainants and their associates were to receive or share in such commissions for procuring a loan of money as might be agreed upon between the lenders and said parties. The value of such services is not stated, nor can it be known whether the parties would have succeeded in procuring the loan but for Hammond's alleged refusal to co-operate in what was proposed. What complainants did do was to aid in securing "certain additional subsidies, especially with reference to real property on the west side of Astoria harbor." But this would not entitle them to any interest in the subsidies so procured. The preliminary agreement between Stanton, Campbell, and complainants was for a division of profits arising from the construction of the road by themselves or by other parties whom they might "procure" to build it. There is nothing to warrant an inference that there would have been or have been profits in the con-

struction of the road. There is nothing in the facts that gives any assurance of profits or pecuniary benefit, except the commissions that would have resulted, if a loan had been negotiated, and if the contract of loan had included an agreement for commissions; and in such case the amount as well as the fact of the commissions was left to the uncertainty of the future agreement. These facts do not make a case for an accounting. Furthermore, complainants were strangers to Hammond. If the latter has made profits out of his contract with the Astoria Subsidy Committee, and if Stanton is entitled to share in those profits, and if complainants had an agreement with Stanton to share in his share, and Hammond knew it, this does not constitute them partners with Hammond. Bates, Partn. §§ 164–167. In such case complainants' remedy is against Stanton. If, in such a case, it is proper to join Hammond as a defendant, it is merely for the purposes of discovery as to the profits secured by Stanton, and not for relief, as to which complainants must look to Stanton.

The demurrer to the bill of complaint is sustained.